UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND G. SANSOUCIE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No. 4:10CV2393 ACL** |
| ) | |
| **IAN WALLACE,**[1] ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Petition of Raymond Sansoucie for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of Jefferson County, Missouri. See Exhibit B[2] at 79-82. On December 6, 2006, following a jury trial, Petitioner was found guilty of first degree statutory sodomy. See id. at 53-54. Petitioner was sentenced to twenty-one years imprisonment. See id. at 82.

---

[1]Ian Wallace is currently the Warden of Southeast Correctional Center. Consequently, Ian Wallace will be substituted for Jeff Norman as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2]The exhibits referenced in this Order were submitted by the Petitioner and will be referred to by exhibit letter only.

In his first point raised on direct appeal of his conviction, Petitioner argued that the trial court abused its discretion in overruling his Motion for Severance. See Ex. C. In his second point, Petitioner argued that the trial court abused its discretion in overruling his objection to a statement made by the prosecutor during closing argument. See id. The Missouri Court of Appeals for the Eastern District affirmed Petitioner's conviction on January 15, 2008. See Ex. F.

On April 14, 2008, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct the Judgment of the Circuit Court of Jefferson County, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Ex. I at 5-10. On July 18, 2008, after appointment of counsel, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. See id. at 16-32. Petitioner raised the following ineffective assistance of counsel claims: (1) trial counsel failed to inform him it was his ultimate decision whether to testify at trial; and (2) trial counsel failed to offer or request the lesser-included instruction for child molestation in the first degree. See id. On March 9, 2009, the Jefferson County Circuit Court (hereinafter "Motion Court") denied Petitioner's Motion for post-conviction relief in all respects. See id. at 3, 52-54. Petitioner timely filed a Notice of Appeal from the denial of post-conviction relief. See id. at 57-58.

Petitioner raised two points on appeal from the denial of post-conviction relief. See Ex. N. Petitioner first argued that the Motion Court erred in denying his Amended Motion, because trial counsel was ineffective in failing to inform him that it was ultimately his decision whether to testify at his trial and for preventing him from testifying. See id. Petitioner next argued that the Motion Court clearly erred in denying his motion for post-conviction relief, because he received ineffective assistance of counsel when trial counsel failed to request an instruction for the lesser-included offense of child molestation in the first degree. See id. The Missouri Court

2

of Appeals for the Eastern District affirmed the Motion Court's denial of post-conviction relief on March 16, 2010. See Ex. N.

On December 20, 2010, Petitioner, pro se, filed the instant Petition for a Writ of Habeas Corpus. Petitioner raises the same two grounds for relief as stated in his ineffective assistance of counsel claims that he raised in state court (i.e., advice regarding decision to testify in his own behalf and decision not to request lesser-included offense instruction). See id.

On February 24, 2011, a Response to the Order to Show Cause was filed in which Respondent argues that Petitioner's claims fail on their merits.

On January 3, 2012, Petitioner filed a Reply, in which he provides further argument in support of his claims.

## **Facts**[3]

In 1999, when the victim, R.L., was nine years old, Petitioner, who was dating the victim's mother (P.S.), moved in with P.S. and the victim. One day when P.S. was at work and the victim was at home with Petitioner, Petitioner put his hand underneath the victim's pants and touched her vagina over her underwear; the victim was ten years old at the time. The victim asked Petitioner to stop but he did not. After this first time, Petitioner on several occasions between 2000 and 2002 touched the victim's vagina underneath her underwear. He never touched her vagina with anything other than his hand, and he never penetrated her vagina.

On July 17, 2002, the victim told her mother that Petitioner had been touching her. P.S. took the victim to see a counselor at the Children's Advocacy Center, where the victim gave a videotaped interview. P.S. also reported the victim's allegations against Petitioner to the police.

---

[3]The Court's summary of the facts is taken nearly verbatim from the decision of the Missouri Court of Appeals affirming the denial of post-conviction relief. See Ex. N, p. 2-4.

The police arrested Petitioner in September 2002. The victim's videotaped interview was played for the jury during Petitioner's trial.

The defense rested without calling any witnesses, asserting Petitioner's innocence in closing arguments. The Court conducted the following exchanges with Petitioner regarding his decision not to testify:

> THE COURT: [Petitioner], do you understand that under the law you have a right to testify in your own behalf in your trial?
>
> [PETITIONER]: Yes, Your Honor.
>
> \*\*\*
>
> THE COURT: I take it you have discussed that issue with your attorneys?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: You understand that whatever recommendation they've made with regard to whether you testify or not, that the final decision must be yours?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: Have you then, in fact, after consultation with your attorneys, decided that you do not wish to testify in your trial?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: And that's your final decision?
>
> [PETITIONER]: Yes, Your Honor.

Prior to jury instructions, the Court clarified with counsel for Petitioner that he was aware of the option to seek a lesser-included offense of child molestation, but was choosing not to do so.

## Discussion

**A.** **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." Id. at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id.

**B.     Petitioner's Claims**

As previously stated, Petitioner raised two grounds for relief. The undersigned will discuss each ground for relief in turn.

**1. Ground One**

In his first ground for relief, Petitioner argues that he received ineffective assistance of counsel when trial counsel failed to inform him it was his ultimate decision whether to testify in his own defense.

Petitioner raised this claim in his post-conviction relief motion, and in his appeal from the denial of post-conviction relief.

The Missouri Court of Appeals held as follows:

> In his first point on appeal, [petitioner] contends the motion court erred in denying post-conviction relief because his trial counsel was ineffective for failing to inform him that it was ultimately his decision whether to testify at his trial and for preventing him from testifying. The trial court's colloquy with [petitioner] at the close of evidence established that [petitioner] was aware the ultimate decision whether to testify in his defense was his, and that it was his decision not to testify. The motion court found [petitioner]'s trial testimony more credible than his contradictory testimony at the Rule 29.15 hearing, and thus denied his ineffective assistance claim as meritless. We will defer to the motion court's "superior ability to judge the credibility of witnesses." Jackson v. State, 205 S.W.3d 282, 287 (Mo. App. E.D. 2006). We see nothing in the record indicating the motion court's findings regarding credibility should not be given deference. Because the evidence established that [petitioner] was, in fact, aware of his right to testify in his defense, we find that the motion court's ruling was not clearly erroneous.

Ex. N at 6.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is

shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 689).

The state courts rejected Petitioner's claim, finding that Petitioner was aware of his right to testify in his defense and that the Petitioner personally made the final decision not to testify. The record supports this finding. The trial court advised Petitioner of his right to testify on his own behalf and that the final decision regarding whether to testify was his. Ex. A at 392. Petitioner testified during his trial that he understood his rights and that he had decided after consulting with his attorneys not to testify. Id. Based on the record of the case, the state courts' decisions denying Petitioner's claim was not contrary to or an unreasonable application of clearly applicable federal law.

Accordingly, Petitioner's first ground for relief will be denied.

**2.    Ground Two**

In his second ground for relief, Petitioner argues that he received ineffective assistance of counsel when trial counsel failed to offer or request the lesser-included instruction for child molestation in the first degree.

Petitioner raised this claim in his post-conviction relief motion, and in his appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

7

> With regard to his claim for ineffective assistance of counsel in failing to request a lesser-included instruction, [petitioner] must show that the evidence supported submission of the alternative instruction, that the decision not to request the instruction was not a reasonable trial strategy, and that he was thereby prejudiced. Jackson, 205 S.W.3d at 285. For purposes of this opinion, we assume without deciding that the evidence supported a lesser-included-offense instruction for child molestation in the first degree. If counsel's choice not to submit an available instruction was objectively reasonable, then the decision would not constitute ineffective assistance of counsel. Id.; see also Anderson, 196 S.W.3d at 33 ("Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance.").
>
> The record shows that [petitioner]'s trial counsel was proceeding with an innocence defense, and, upon deliberation, had pursued an all-or-nothing strategy in light of the significant penalties attached to a conviction for first-degree child molestation. The motion court found this strategy to be reasonable. We conclude that the court's judgment was not clearly erroneous, because [petitioner] has failed to overcome the presumption that counsel's decision not to request the instruction was a reasonable trial strategy. Requesting an instruction for child molestation would have been inconsistent with the innocence defense, and counsel "had no duty to request an instruction that would undermine the entire theory of the case presented at trial." Brock v. State, 242 S.W.3d 430, 434 (Mo. App. W.D. 2007); see also Jackson, 205 S.W.3d at 286 (counsel cannot be found ineffective for "not offering jury middle ground for conviction").

Ex. N at 7-8.

The state court performed a proper Strickland analysis and found that Petitioner's claim lacked merit. Trial counsel's defense at trial was innocence. Trial counsel testified during the post-conviction relief proceedings that he intentionally avoided requesting the lesser-included instruction based on his evaluation of the likelihood of acquittal, because he hoped for acquittal rather than conviction on a lesser charge. See Ex. I at 46-47. Requesting an instruction for the lesser-included offense of child molestation would have been inconsistent with Petitioner's innocence defense. The state courts' determination that defense counsel's decision not to request the lesser-included offense instruction was one of reasonable trial strategy is not contrary to, or an unreasonable application of clearly established federal law.

Accordingly, Petitioner's second ground for relief will be denied.

8

**C.     Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate Judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

Dated this 11th day of June, 2014.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE